UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD SANTOS,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No.: 1:16-cv-00374-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

In 1999, Petitioner was convicted of charges related to cocaine trafficking and the court sentenced him to life in custody as a result. In this action, he claims he is actually innocent of the charges and is not, in fact, the person indicted. Because Petitioner is challenging his original sentence, he was required to file this action as a motion pursuant to 28 U.S.C. § 2255. Thus, the Court will recommend that the instant petition be **DISMISSED** for lack of habeas corpus jurisdiction.

I.     **DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

1

Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).  Title 28 U.S.C. § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Petitioner's allegations are a clear and unequivocal challenge to the conviction and sentence imposed, not to the administration of that sentence.  Thus, the proper vehicle for challenging such a mistake is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If the petitioner fails to meet that burden, the sec. 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003),

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61.

Here, Ivy is dispositive of Petitioner's contention. Ivy, 328 F.3d at 1058. As in Ivy, Petitioner cannot establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raise these claims in his original appeal or, at the very least, in his earlier motions pursuant to § 2255.

Petitioner admits that he filed a § 2255 petition in the sentencing court on March 11, 2002, and that the petition was denied on October 20, 2004. (Doc. 1, p. 4). Petitioner alleges he sought permission from the United States Court of Appeals, Eleventh Circuit, to file a successive § 2255 petition on May 5, 2014, but this was denied in June 2014. (Id.). At both the filing of the original § 2255 petition and the Eleventh Circuit request, Petitioner would have been aware of the purported mis-identification, of the purportedly false evidence at trial, and of evidence he could have presented to establish his innocence. None of that evidence or facts arose after filing those two petitions.

Accordingly, Petitioner cannot contend that he has not had an unobstructed procedural shot at presenting these claims in the trial court.

Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to show he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998)(quoting Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624. However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining. See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity. E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th

Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Reyes-Requena, 243 F.3d at 903. Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion. This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. (emphasis supplied). Because § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted. Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims."). Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

In this case, Petitioner does not allege that he was imprisoned for conduct that was not prohibited by law, i.e., by statutory law or a change thereof. Rather, he argues that proof of his identity at trial was made through "government compensated testimony," and that proof existed that he is not the individual named in the relevant indictment. (Doc. 1, p. 29). The mere fact, however, that government testimony was compensated, assuming that is the case, does not necessarily require a conclusion that the testimony was false. Nor does the fact that Petitioner has evidence that would

contradict the prosecution's proof of identity establish innocence. The simple fact that evidence of identification of the perpetrator is in conflict is insufficient to establish actual innocence. Nothing in the federal case law suggests that just because Petitioner has failed to convince the sentencing court of its error, he is then entitled to a "do-over" through habeas proceedings. To the contrary, the whole point of providing the "escape hatch" is to ensure that, when a petitioner has not had an unobstructed procedural shot at raising his claim, habeas exists as a backstop to ensure that his claim will ultimately be reviewed. Here, Petitioner has had the chance to raise his claims in the federal district court and the Eleventh Circuit. Just because those courts did not afford him relief does not entitle Petitioner to come into this Court to seek another bite at the apple.

Moreover, as alluded to earlier, the evidence to which Petitioner refers was apparently known to him at the time of his trial and, assuming his claim of misidentification is correct, he certainly knew at the time of his trial that the government's evidence was false and that evidence of his true identity was available to be presented. In other words, nothing in Petitioner's "actual innocence" argument is newly discovered; indeed, all of these circumstances existed at trial and could have been raised at trial, on appeal, and in § 2255 proceedings.[1]

Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the District Court for the Middle District of Florida.

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

---

[1] To the extent that Petitioner contends that a Brady violation occurred when the prosecution allegedly withheld exculpatory or impeachment evidence, a closer look at Petitioner's claim reveals that it is not a Brady claim at all. Instead, Petitioner argues that the trial court should have admitted into evidence a DEA report relevant to Petitioner's identity. (Doc. 1, p. 31). Clearly, if the report was proffered to the trial judge but was not admitted into evidence, it was not withheld within the meaning of Brady. Rather, Petitioner's argument becomes nothing more than a simple challenge to one of the trial judge's evidentiary rulings.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 23, 2016**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE